NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10081 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00479-JMS-3 |
| v. | |
| TYRONE FAIR, AKA Tale, AKA Tolley, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted February 18, 2015[**]
Honolulu, Hawaii

Before: TASHIMA, N.R. SMITH, and FRIEDLAND, Circuit Judges.

A jury convicted Tyrone Fair of (1) conspiring to distribute, and to possess

with intent to distribute, 50 grams or more of methamphetamine, and (2) possessing

50 grams or more of methamphetamine with intent to distribute. *See* 21 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§§ 841(a)(1), 841(b)(1)(A)(viii), 846. Fair now appeals his convictions and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

Sufficient evidence supports Fair's convictions. *See United States v. Nevils*, 598 F.3d 1158, 1163-70 (9th Cir. 2010) (en banc). The jury was entitled to credit Fair's alleged co-conspirator's testimony, and we must assume that it did so. *See id.* at 1170; *see also United States v. Tam*, 240 F.3d 797, 806 (9th Cir. 2011) (holding that uncorroborated accomplice testimony was sufficient to support a conviction). Viewing the co-conspirator's testimony in the light most favorable to the prosecution, we conclude that a rational trier of fact could convict Fair based on that testimony. *See Nevils*, 598 F.3d at 1164-65.

The jury instructions did not constructively amend the indictment against Fair. Because "the proof offered at trial matched the charges made in the indictment," there was no risk that "the jury instructions allowed [Fair] to be convicted on the basis of *different behavior* than that alleged in the original indictment." *United States v. Hartz*, 458 F.3d 1011, 1021 (9th Cir. 2006) (internal quotation marks omitted).

The district court did not err at sentencing. Fair's sentence is not

substantively unreasonable. *See United States v. Vasquez*, 654 F.3d 880, 886 (9th Cir. 2011); *United States v. Burgum*, 633 F.3d 810, 813 (9th Cir. 2011). The record does not support Fair's arguments that the district court "[gave] no meaningful explanation" for Fair's sentence, "disregarded" Fair's letters of support, or "penalized [Fair] for exercising his constitutional right to meaningfully appeal his criminal conviction."

Finally, the 18 U.S.C. § 3553(f) safety valve is not unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *See United States v. Lizarraga-Carrizales*, 757 F.3d 995, 996-97 (9th Cir. 2014).

**AFFIRMED.**